UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 18-6223-DSF (KS)                                                  Date: May 5, 2023

Title    *Jay David Peppler v. Warden*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

The Court is in receipt of Petitioner's most recent status report concerning the exhaustion of his claims in the state court. (Dkt. No. 62.) The current status report, like several before it, asks the Court to keep the pending action open and the stay and abeyance in place "until all of my 16 grounds submitted on my Writ of Habeas Corpus petition #S251893 are addressed," but fails to give a status regarding the state court proceedings. (*Id.*)

This action was filed in July 2018 and has now been stayed for nearly five years to allow Petitioner to exhaust claims in the state courts. (Dkt. Nos. 1, 6.) The Court expressly conditioned the stay in part on Petitioner filing status reports with the Court every 45 days "to advise the Court of the status of his state habeas proceeding." (Dkt. No. 6 at 2.) Petitioner's most recent status report does not comply with the Court's August 20, 2018 Order.

Moreover, as Petitioner previously informed the Court, his habeas action in the California Supreme Court (S251893) has been closed since April 1, 2020. *See* California Appellate Courts Case Information, *available at https://appellatecases.courtinfo.ca.gov* (last visited on May 4, 2023). The disposition description on the public website reads, "OSC issued, returnable in Superior Court." Petitioner has never adequately explained that development or provided a superior court case number to show that Petitioner is still litigating his unexhausted claims in the state courts. However, Petitioner's representation that he is waiting for the California Supreme Court to decide additional claims in case no. S251893 appears erroneous, as that case is closed.

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 18-6223-DSF (KS)                                          Date: May 5, 2023

Title   *Jay David Peppler v. Warden*

    Further, in an August 6, 2020 status report, Petitioner stated that he was awaiting his release from custody "due to the decision of the California Supreme Court" and it appears Petitioner was released from custody soon thereafter. (Dkt. Nos. 30, 34, 35.) Petitioner has not, to date, explained why, if Petitioner was granted relief by the state courts, it is necessary to continue the stay of this action.

    Based upon the foregoing, the Court **ORDERS PETITIONER TO SHOW CAUSE why the stay should not be lifted and his pending Petition dismissed for the failure to prosecute**. To discharge this Order, Petitioner must, no later than **June 6, 2023**:

1. Respond to this Order with a proper status report indicating that Petitioner still has an *open* habeas matter pending in the state courts, what the current status of that habeas petition is, and providing the case number (*not* California Supreme Court case no. S251893, as that proceeding is closed);

2. Explain how the pending state habeas petition furthers the goal of exhausting Petitioner's claims for purposes of the instant federal habeas proceeding; and

3. Explain what relief Petitioner seeks in the state courts that has not already been granted.

**The failure to timely respond to this Order to Show Cause will result in a recommendation of dismissal for the failure to prosecute and follow this Court's orders.**

**IT IS SO ORDERED**.

                                                                                    **Initials of Preparer**   gr